UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
MAC TRUONG,                                                             :
                                                                        :      13 Civ. 2771 (PAE)
                                        Appellant,                      :
                                                                        :      OPINION & ORDER
                -v-                                                     :
                                                                        :
JEFFREY L. SAPIR,                                                       :
                                                                        :
                                        Appellee.                       :
                                                                        :
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

      Mac Truong ("Truong") appeals an order entered by Judge Martin Glenn of the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court"). *See In re Mac Truong*, No. 09-11047, Dkt. 59. The order, issued on March 21, 2013, denied Truong's request for leave to file additional motions in his case for two reasons: (1) the case was closed on September 3, 2009; and (2) the court had prohibited Truong from filing any additional pleadings in the closed case. *Id.* For the following reasons, Judge Glenn's March 21, 2013 order is affirmed.

**I.    Background**

      On March 9, 2009, Truong filed a chapter 13 petition before Judge Glenn. *Id.* at Dkt. 1. On September 3, 2009, Judge Glenn dismissed Truong's chapter 13 case, holding that it was: (1) filed in bad faith; and (2) a violation of the "single-estate" rule, as Truong's chapter 7 case before Judge Novalyn L. Winfield was pending in the United States District Court from the District of New Jersey. *See In re Mac Truong*, No. 09-11047, 2009 WL 2929261 (Bankr. S.D.N.Y. Sept. 3, 2009). In his decision, Judge Glenn thoroughly described Truong's lamentable history of filing

frivolous, misleading, and vexatious lawsuits in federal and state court. *Id.* at *2–*4. On the basis of that history, Judge Glenn, in addition to dismissing the case, issued an injunction against Truong "from filing any petition, motion, or pleading in this court without this Court's prior approval, for a period of five years from the entry of this Order." *In re Mac Truong*, No. 09-11047, Dkt. 37. Judge Glenn explained that, although he had "never before considered barring any individual from seeking the protections of the Bankruptcy Code in the future," the fact that he had "never seen misconduct as egregious as that of Mac Truong" led him to take this extraordinary step. 2009 WL 292926, at *1.

On April 14, 2010, Truong's appeal of Judge Glenn's September 3, 2009 opinion was dismissed due to Truong's failure to file a brief or request an extension. *Truong v. Sapir*, No. 09 Civ. 8857 (RWS), 2010 WL 1645123 (S.D.N.Y. Apr. 14, 2010).

On June 1, 2011, Truong filed another motion before Judge Glenn, styled as a "Request for Leave to File Motion pursuant to this Court's September 3, 2009 Injunction Order Limiting Filing and/or this Court's February 14, 2008 Filing Injunction." *In re Mac Truong*, No. 09-11047, Dkt. 46. Because Truong was seeking the same relief as in his dismissed chapter 13 case, Judge Glenn treated this as a motion to reopen that case. And on July 15, 2011, Judge Glenn issued another detailed opinion denying Truong's motion. *In re Truong*, No. 09-11047, 2011 WL 2894580 (Bankr. S.D.N.Y. July 15, 2011).

Truong appealed this decision to the United States District Court for the Southern District of New York. On October 26, 2011, Judge Oetken affirmed Judge Glenn's July 15, 2011 decision, stating that "Truong's submissions in this appeal provide no basis whatsoever for questioning the decision of the bankruptcy court." *In re Mac Truong*, No. 11 Civ. 6556 (JPO), Dkt. 6. Noting "Truong's history of harassing and frivolous litigation in this and other courts,"

Judge Oetken directed the Clerk of Court to "refuse all future filings by Truong, in this or in any future lawsuit, unless accompanied by a Court Order granting Truong permission to so file." *Id.* at 2.

Since then, Judge Glenn has had to issue two more orders against Truong in this matter. On July 18, 2012, he denied Truong's request for an order to the effect that the trustees in his bankruptcy case violated the Court's September 3, 2009 order; Judge Glenn reiterated that "a filing of any additional pleadings by the Debtor Mac Truong, his wife and any entity acting on their behalf is prohibited." *In re Mac Truong*, No. 09-11047, Dkt. 56. On March 21, 2013, Judge Glenn issued another order denying Truong's request to file additional motions in his closed chapter 13 case.

On April 25, 2013, Truong appealed Judge Glenn's March 21, 2013 order. Dkt. 1. On April 29, 2013, Truong submitted an application for leave to file an appeal, Dkt. 3, which this Court granted, Dkt. 4.[1] On June 6, 2013, Truong submitted a brief. Dkt. 6. On June 20, 2013, the Standing Chapter 13 Trustee, Jeffrey L. Sapir, responded. Dkt. 7. On July 1, 2013, Truong replied. Dkt. 9.

**II.   Discussion**

The only issue before this Court is whether Judge Glenn was correct in entering his March 21, 2013 order denying Truong leave to file additional motions in his closed chapter 13 case, *In re Mac Truong*, No. 09-11047.

---

[1] The Court has determined that its decision to grant Truong leave to file an appeal was erroneous. In so ruling, the Court inadvertently cited to a separate case, before Judge Batts, which had also barred Truong from further filings in this District. The Court should have cited to Judge Oetken's opinion, discussed *supra*, which barred future filings in *this* matter.

3

District courts are vested with appellate jurisdiction over bankruptcy court rulings pursuant to 28 U.S.C. § 158(a) ("[D]istrict courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees; . . . [and,] with leave of the court, from other interlocutory orders and decrees . . . of bankruptcy judges."). On appeal, the court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013. "Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous . . . ." *Id.*; *see also Solow v. Kalikow (In re Kalikow)*, 602 F.3d 82, 91 (2d Cir. 2010) ("[f]indings of fact are reviewed for clear error"). A bankruptcy court's legal conclusions are, however, reviewed *de novo*. *See In re Kalikow*, 602 F.3d at 91; *In re Quigley Co.*, 449 B.R. 196, 200–01 (S.D.N.Y. 2011) (citing *In re Bayshore Wire Prods. Corp.*, 209 F.3d 100, 103 (2d Cir.2000)).

Having reviewed Judge Glenn's March 21, 2013 order *de novo*, the Court affirms. Truong's chapter 13 case was dismissed on September 3, 2009. His motion to reopen that case was denied on July 15, 2011. The district court affirmed that denial on October 26, 2011. Truong's case was closed for good reason by Judge Glenn. And, for the reasons canvassed by Judge Glenn, Truong's repeated efforts to file motions in his long-closed case reflect bad faith.[2] The Court will not tolerate any further attempts by Truong to file motions in a case that has been closed for more than four years.

---

[2] On August 22, 2013, Judge Batts held that Truong violated Rule 11(b) in a different case and imposed $10,000 in sanctions. *See Mac Truong v. Hung Thi Nguyen*, No. 10 Civ. 386 (DAB), 2013 WL 4505190 (S.D.N.Y. Aug. 22, 2013).

## CONCLUSION

For the foregoing reasons, Judge Glenn's March 21, 2013 order is affirmed. The Clerk of Court is directed to close this case and to refuse all future filings by Truong, in this or in any future lawsuit, unless accompanied by a Court order granting Truong permission to so file.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. See *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: November 25, 2013
New York, New York

5